UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEREMIAN MURPHY AND KATIE MURPHY, | ) ) ) |
| Plaintiffs, | ) Case No. 3:12-cv-000818-SI ) |
| v. | ) OPINION AND ORDER ) |
| FIRST HORIZON HOME LOAN, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION and FIRST AMERICAN TITLE INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Terrance J. Slominski and David W. Venables, 7100 S.W. Hampton, Suite 101, Tigard, OR 97223. Attorneys for Plaintiff.

Kimberley Hanks McGair, Farleigh Wada Witt, 121 S.W. Morrison Street, Suite 600, Portland, OR 97204. Attorney for Defendant.

**Simon, District Judge.**

Plaintiffs seek an award of $14,097.00 in attorney fees (Dkt. 44) and $410.00 in costs (Dkt. 43). They argue that they are entitled to fees as the prevailing party pursuant to the terms of their deed of trust contract with Defendants, under Or. Rev. Stat. § 20.096. For the reasons stated below, Plaintiffs' request for attorney fees is DENIED and Plaintiff's cost bill is GRANTED.

## BACKGROUND

In 2005, Plaintiffs Jeremiah and Katie Murphy (the "Murphys") obtained a loan from First Horizon Home Loans ("First Horizon"), secured by a trust deed, to purchase property in Forest Grove, Oregon. Complaint ("Compl.") at ¶ 7. When the Murphys defaulted on the loan four years later, First American Title Company ("First American") and First Horizon (collectively, "Defendants") commenced the nonjudicial foreclosure process set forth in the Oregon Trust Deed Act ("OTDA"), Or. Rev. Stat. §§ 86.705-86.795. *Id.* at ¶ 14. First Horizon purchased the property in a trustee's sale on June 11, 2010. *Id.* at ¶ 24.

On August 17, 2010, Defendants filed a lawsuit for ejectment in Oregon state court. The parties dismissed that case without prejudice in December 2011. In May 2012, the Murphys brought this action. The Murphys asserted two claims for relief: breach of contract and declaratory relief. Compl. ¶¶ 26-35. The Complaint alleged, in part, that the foreclosure sale was invalid because "[a]ssignments of the trust deed by First Horizon were not recorded before the trustee sale," in violation of Or. Rev. Stat. § 86.735(1). Compl. ¶ 28. The Complaint further alleged that First American was not appointed by the recorded beneficiary, as required by Or. Rev. Stat. § 86.790(3). *Id*. In their prayer for relief, the Murphys requested a "judgment declaring that Plaintiffs are the owners of [the property] and that the foreclosure of their property is void." *Id.* at ¶ 36(1)(A).

In July 2012, while this action was pending, the Oregon Court of Appeals decided *Niday v. GMAC Mortgage*, LLC, 251 Or. App. 278, (2012), *rev. granted*, No. S060655 (Sept. 27, 2012). *Niday* clarified the meaning of Or. Rev. Stat. § 86.735(1), holding that this statute requires that *all* assignments of a trust deed be recorded before the trustee and noteholder may *initiate* the nonjudicial foreclosure process set for in the OTDA. *Id.* at 299-300. On August 7,

2012, First American recorded a "Correction of Errors" cancelling the trustee's deed and effectively rescinding the foreclosure sale. Dkt. 33-1 Shortly thereafter, First Horizon moved to dismiss the Murphys' Complaint. Dkt. 26. First Horizon argued that because the foreclosure sale had been rescinded, and because First Horizon no longer planned to pursue a nonjudicial foreclosure, the Murphys' Complaint was moot. Dkts. 27-28.

Before the Court ruled on First Horizon's motion, the parties signed and submitted a Sipulated Judgment dismissing the case. The Court signed the Judgment on December 20, 2012. Dkt. 42. The Judgment provided in relevant part that the "foreclosure sale held by First American Title Insurance Company, as trustee . . . is set aside as though no trustee's sale occurred." The judgment also provided that the Murphys' claims for declaratory relief was dismissed with prejudice and their claim for breach of contract was dismissed without prejudice.

## DISCUSSION

A federal court sitting in diversity "applies the law of the forum state regarding an award of attorneys' fees." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000); *Mercantile Nat. Bank at Dallas v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988) (The Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action."). Under Oregon law, "a party in whose favor final judgment is entered may recover attorney fees only when they are authorized by statute or a specific contractual provision." *Autolend, IAP, Inc. v. Auto Depot, Inc.*, 170 Or. App. 135, 139 (2000).

The trust deed provides that the lender may recover attorneys fees for pursuing a nonjudicial foreclosure. It states:

> Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable

> law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Dkt. 1-1 at 5. The trust deed does not contain a similar provision providing that the borrowers are entitled to their reasonable attorneys fees and costs.

Under Oregon law, however, contractual provisions entitling one party to attorneys fees are made reciprocal by statute. Or. Rev. Stat. § 20.096(1) provides:

> In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, *the party that prevails on the claim* shall be entitled to reasonable attorney fees in addition to costs and disbursements, *without regard to whether the prevailing party is the party specified in the contract*[.]

(Emphasis added.) The purpose of Or. Rev. Stat. § 20.096(1) is "to allow the buyer and the seller the same right to collect attorney fees despite onesided contractual provisions, and thereby equalize the rights of disfavored parties to adhesion contracts who lacked bargaining power." *Jewell v. Triple B. Enterprises, Inc.*, 290 Or. 885, 888 (1981) (internal quotation marks and citations omitted). "For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim." Or. Rev. Stat. § 20.077(2).

The Murphys argue that they are entitled to attorneys fees under Or. Rev. Stat. § 20.096(1) because they are the prevailing party. Although the Murphys acknowledge that the case was resolved in a Stipulated Judgment that dismissed their claims, they argue:

> There can be no question that Plaintiffs' lawsuit was the motivation for the recording of the Correction of Errors document. Plaintiffs fought Defendants in two court actions, first in a state court ejectment action and then, in this action. Defendants did not simply come forward in this case and admit that the sale was void or wrongful. . . . There can be little doubt that the recording of the document was capitulation and done so for the purpose of

Page 4 – OPINION AND ORDER

limiting Defendants' legal exposure. They essentially conceded Plaintiffs' claim and tacitly admitted that they had wrongfully withheld Plaintiffs' title for the past two years.

Pls.' Mem. at 4-5 (Dkt. 45).

In response, First Horizon argues that the Murphys cannot recover attorneys' fees because they did not prevail on any claim. Def.'s Resp. at 5 (Dkt. 47). First Horizon explains that the Court "dismissed as moot Plaintiffs' claim for a declaratory judgment declaring the non-judicial foreclosure sale as invalid and dismissed without prejudice their contract claims." *Id.* (emphasis omitted).

Although the Court dismissed the Murphys' claims, some courts have adopted doctrines that allow a party who fails to achieve a favorable judgment nonetheless to recover attorneys' fees. These doctrines—the catalyst theory and the substantial benefit doctrine—allow attorneys' fee awards in the absence of a judicial ruling on the merits or other order rendering one party the "prevailing party." For the reasons discussed below, however, the Court declines to award attorneys' fees under either doctrine.

### A.   The Catalyst Theory

The catalyst theory "posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 601 (2001); *Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir. 1978) ("when plaintiff's lawsuit acts as a 'catalyst' in prompting defendants to take action to meet plaintiff's claims, attorney's fees are justified despite the lack of judicial involvement in the result."), *abrogated by Buckhannon*, 532 U.S. 598. To establish "prevailing party status under the catalyst theory, a party must demonstrate (1) that it achieved the goal of the litigation by succeeding on any significant issue which achieves some of the benefit sought in bringing the suit, and (2) that there

Page 5 – OPINION AND ORDER

is a causal connection between the defendant's action generating relief and the lawsuit." *Interior Cabaret, Hotel, Rest. & Retailers Ass'n v. Fairbanks N. Star Borough*, 135 P.3d 1000, 1008 (Alaska 2006) (internal quotation marks and footnote omitted); *see also Mason v. City of Hoboken*, 196 N.J. 51, 79 (2008) (to award attorneys' fees under the catalyst theory, the requestor must "establish a 'causal nexus' between the litigation and" a favorable outcome for the requestor).

A handful of state supreme courts from other states have approved of the catalyst theory. *See, e.g., Mason*, 196 N.J. at 79; *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 568 (Cal. 2004); *Smallwood v. Central Peninsula General Hosp., Inc.*, 227 P.3d 457, 461 (Alaska 2010). Although California has approved attorney fees awards under the catalyst theory, its application appears to be limited to plaintiffs in public interest litigation. *See Graham*, 34 Cal. 4th at 568 (Cal. 2004) ("We continue to conclude that the catalyst theory, in concept, is sound. The principle upon which the theory is based—that we look to the "impact of the action, not its manner of resolution"—is fully consistent with the purpose of [California's private attorney general attorney fee statute]: to financially reward attorneys who successfully prosecute cases in the public interest, and thereby "'prevent worthy claimants from being silenced or stifled because of a lack of legal resources.'") (citations omitted). Alaska, on the other hand, does not appear to limit its application of the catalyst doctrine to public interest litigation. *See Smallwood*, 227 P.3d at 461 (suggesting that the doctrine may apply more broadly so long as the plaintiff succeeds on any significant issue that achieves some of the benefit sought in bringing the suit and there is a causal connection between the defendant's action generating relief and the lawsuit.).

The United States Supreme Court, however, has rejected the catalyst theory as applied to federal statues awarding attorneys' fees to prevailing parties. The Supreme Court explained that

Page 6 – OPINION AND ORDER

under federal law, to be considered a prevailing party, a party must achieve "alteration in the legal relationship of the parties." The Court explained:

> [The catalyst theory] allows an award where there is no judicially sanctioned change in the legal relationship of the parties. Even under a limited form of the "catalyst theory," a plaintiff could recover attorney's fees if it established that the complaint had sufficient merit to withstand a motion to dismiss for lack of jurisdiction or failure to state a claim on which relief may be granted. This is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary. . . . A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change. Our precedents thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees without a corresponding alteration in the legal relationship of the parties.

*Buckhannon*, 532 U.S. at 605 (some internal quotation marks and citations omitted). Other state courts have also declined to adopt the catalyst theory. *See, e.g., Reuille v. E.E. Brandenberger Const., Inc.*, 873 N.E.2d 116, 120 (Ind. App. 2007) ("Indiana courts have not applied the catalyst theory."); *Tibbetts v. Sight 'n Sound Appliance Centers, Inc.*, 77 P.3d 1042, 1053 (Okla. 2003) (declining to adopt catalyst theory).

The Oregon Supreme Court has not yet decided whether the catalyst theory applies to the definition of "prevailing party" set forth in Or. Rev. Stat. § 20.077(2). "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995). In the absence of a decision from the state's highest court, "a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990). The Oregon Court of Appeals has stated that "Oregon courts have not adopted the catalyst theory." *Clapper v. Oregon State Police*, 228 Or. App. 172, 178 (Or. App. 2009). In light of this state appellate court decision, and the United States Supreme Court's decision in *Buckhannon*,

Page 7 – OPINION AND ORDER

this Court is reluctant to conclude that the Oregon Supreme Court would adopt the catalyst theory. *See In re Kirkland*, 915 F.2d at 1239 (in absence of state supreme court decision, following precedent set forth in state appellate court decisions). The Court, therefore, declines to award attorneys' fees under the catalyst theory. *See Laak v. Recontrust Co.*, 1:11-CV-03105-CL, 2012 WL 2519036 (D. Or. Apr. 24, 2012), *report and recommendation adopted*, 1:11-CV-3105-CL, 2012 WL 2519647 (D. Or. June 29, 2012) (declining to award attorneys' fees where wrongful foreclosure claim dismissed as moot by stipulation following rescission of foreclosure); *Fowler v. Recontrust Co., N.A.*, 1:11-CV-03102-CL, 2012 WL 2522126 (D. Or. Apr. 24, 2012), *report and recommendation adopted*, 1:11-CV-3102-CL, 2012 WL 2522039 (D. Or. June 29, 2012) (same).

### B. The Substantial Benefit Doctrine

In one context, however, the Oregon Supreme Court has approved an award of attorneys fees as proper even when there was no "prevailing party." In *Crandon Capital Partners v. Shelk*, 342 Or. 555, 569 (Or. 2007), the Oregon Supreme Court held that a plaintiff in a shareholder derivative action may recover attorney fees under the "substantial benefit doctrine" even if the plaintiff has not obtained a judgment in its favor on the merits. The Oregon Supreme Court in *Crandon*, however, was careful to limit its application of the substantial benefit doctrine to shareholder derivative actions. *See id.* at 569 n.6 ("We emphasize that this holding is limited to attorney fee claims under this court's longstanding rule permitting a plaintiff in a shareholder derivative case to recover fees when it has conferred a substantial benefit on the corporation or its shareholders."). Because the present case is not a shareholder derivative action, Plaintiffs are not entitled to attorneys' fees under the substantial benefit doctrine.

### C. Costs

Page 8 – OPINION AND ORDER

>Plaintiffs have also submitted a Bill of Costs. Dkt. 43. 28 U.S.C. § 1919 provides:
>
>Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

Unlike Rule 54(d)(1) ("costs—other than attorney's fees—should be allowed to the prevailing party"), a cost award under § 1919 does not turn on prevailing party status and lies within the sound discretion of the district court. *Otay Land Co. v. United Enterprises Ltd.,* 872 F.3d 1152, 672 F.3d 1152, 1155-6 (9th Cir. 2012) ("In determining 'just costs' under 28 U.S.C. § 1919, a district court should consider what is most fair and equitable under the totality of the circumstances."). In *Otay*, the Ninth Circuit suggested that in determining whether an award of just costs was reasonable under the totality of the circumstances, courts should consider: (1) the discretionary nature of an award under § 1919; (2) any exigent circumstances such as hardship or culpable behavior by the parties. *Id*. at 1157-8.

Following the *Otay* decision, a court in this district awarded costs under § 1919 in a case very similar to the present matter. In *Humbarger v. Mortgage Electr. Registration Sys.*, 3:11-cv-1202-PA, 2012 WL 6649370 (D. Or. Dec. 19, 2012), a pro se plaintiff filed a complaint to stop the nonjudicial foreclosure of the plaintiff's home. After Defendants recorded a notice of rescission terminating the nonjudicial foreclosure proceedings, the court granted the Defendants' motion to dismiss the case on grounds of mootness. The plaintiff then requested his fees and costs. Defendants in *Humbarger* argued that the plaintiff was not entitled to either fees or costs because the case had been dismissed as moot. Although the court agreed with respect to the attorneys' fee issue, the court disagreed with respect to costs. The court explained:

>In actions dismissed for lack of jurisdiction—such as the action here—a district court may award "just costs," 28 U.S.C. § 1919, considering "what is most fair and equitable under the totality of the circumstances." *Otay Land Co. v. United Enter.*, 672 F.3d 1152,

Page 9 – OPINION AND ORDER

>  1156 (9th Cir.2012). Plaintiff filed this action to stop the allegedly wrongful non-judicial foreclosure of his home. It appears there were at least serious questions on the merits of plaintiff's claim. . . . Regardless, defendants elected to rescind the non-judicial foreclosure proceedings and pursue other alternatives. Those voluntary actions, taken only after plaintiff filed the complaint, in turn mooted plaintiff's claim. Based on the record, plaintiff here is certainly entitled to his "just costs."

*Humbarger*, 2012 WL 6649370, at *3.

In the present case, the Court finds that an award of costs is fair and equitable. The Murphys correctly identified a serious deficiency in the non-judicial foreclosure process that resulted in the sale of their home. They brought an action in this Court to abrogate the foreclosure sale. The Oregon Court of Appeals vindicated the Murphys' legal theory in the *Niday* decision. After *Niday*, Defendants had to choose between pursuing a defense to this case with little hope for success or voluntarily rescinding the foreclosure sale. That Defendants chose to do the latter should not force the Murphys to bear the costs of bringing this action.

## CONCLUSION

Because this action was resolved in a manner that precludes either party from "prevailing" within the meaning of Or. Rev. Stat. § 20.096, Plaintiff's motion for attorney fees, Dkt. 44, is DENIED. The Court finds, however, that an award of just costs is both fair and equitable under the totality of the circumstances. Plaintiff's motion for costs, Dkt. 43, is therefore GRANTED.

DATED this 26th day of March, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge